[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 446.]

OFFICE OF DISCIPLINARY COUNSEL ET AL. *v*. HANNI.

[Cite as *Disciplinary Counsel v. Hanni*, 2002-Ohio-1052.]

*Attorneys at law—Misconduct—Six-month suspension with entire sanction stayed—Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 01-1133—Submitted October 2, 2001—Decided March 13, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-08.

_____

*Per Curiam.*

{¶ 1} On February 14, 2000, relator Disciplinary Counsel filed a complaint charging that respondent, Don L. Hanni of Youngstown, Ohio, Attorney Registration No. 0007862, violated several provisions of the Code of Professional Responsibility. Relators, Disciplinary Counsel and the Mahoning County Bar Association, filed an amended complaint against Hanni on August 3, 2000. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} After a hearing, the panel found that in August 1995, Patrick C. Connolly sought advice from respondent about a potential extortion scheme whereby an anonymous party indicated that Connolly would be indicted unless he paid $60,000. The panel believed that at that first meeting with Connolly, which lasted about twenty minutes, respondent telephoned the prosecutor's office and determined that no charges were pending against Connolly. At the conclusion of the meeting, respondent asked Connolly for a retainer, and the next day, Connolly returned, discussed the matter with respondent for about fifteen minutes, and gave respondent the retainer. Respondent gave Connolly a receipt for $1,500.

{¶ 3} During these meetings, Connolly did not identify any persons who might be involved in the attempted extortion. Respondent told Connolly that he would investigate further and would contact Connolly. Connolly was never charged with a crime. Connolly called respondent after these two meetings but was unable to reach him. Respondent, however, did not formally withdraw from representation. Connolly did not ask for a refund of the retainer, and respondent did not return any money to Connolly.

{¶ 4} Three and a half years later, in May 1999, a Columbiana County Grand Jury indicted Russell J. Saadey, Jr. for, among other things, attempted extortion of Connolly in 1995. One of the attorneys present for the arrest and arraignment of Saadey was respondent. At a meeting with Connolly that was arranged by an FBI agent who perceived a conflict in respondent's representation of Saadey, respondent said that he had searched his files and could find no reference to a previous meeting with Connolly. While he may have met with Connolly in 1995, respondent said, he could not recall how he might have represented him. As the discussion with the FBI agent and Connolly progressed, respondent said that he began to remember a few things and would search "one more place." Shortly thereafter, respondent sent the agent the notes of his 1995 meeting with Connolly.

{¶ 5} Respondent then wrote to the agent that he saw no conflict in his representation of Saadey and, moreover, Connolly had waived any attorney-client privilege. However, on motion of the county prosecutor, the Court of Common Pleas of Columbiana County disqualified respondent from representing Saadey. During the hearing on the motion, respondent attacked the credibility of the state's claim that Connolly had engaged respondent.

{¶ 6} Respondent humiliated and sought to ridicule his former client by denying his prior representation and by attacking Connolly's credibility, when in fact respondent had accepted a substantial retainer from Connolly. Respondent's failure to keep adequate records and return the unearned retainer supports the

panel's conclusion that respondent violated DR 5-105(A) (a lawyer shall refuse employment if the exercise of his independent professional judgment will be adversely affected), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law). Noting respondent's long and distinguished legal career and his role as a community leader, and considering the fact that he had no prior disciplinary record, the panel recommended that respondent receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 7} We have reviewed the record and note that respondent's initial meeting with Connolly involved only Connolly's concern about possible criminal charges against him. Neither Connolly's testimony, nor the material that Connolly gave to respondent, nor respondent's notes indicate that Connolly told respondent that Saadey was involved in attempting to extort money from him. Also, the record does not support the board's finding that "[a]t that initial meeting respondent informed Connolly that no charges were pending." On the contrary, Connolly testified that after making a phone call to the prosecutor's office, respondent told Connolly that he would find out whether there were charges pending and get back to him. It was a coworker with political connections who told Connolly that no charges would be filed against him.

{¶ 8} However, because respondent kept no clear record of his representation of Connolly and made no attempt to return Connolly's unearned retainer when he had a duty to do so if he no longer intended to represent Connolly, we find that a more severe penalty is warranted.

{¶ 9} Therefore, we hereby suspend respondent from the practice of law for six months with the entire six-month suspension stayed. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, ACTING C.J., SHAW, RESNICK, F.E. SWEENEY, PIETRYKOWSKI and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

STEPHEN R. SHAW, J., of the Third Appellate District, sitting for MOYER, C.J.

MARK L. PIETRYKOWSKI, J., of the Sixth Appellate District, sitting for PFEIFER, J.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

*Larry D. Wilkes*, for relator Mahoning County Bar Association.

*Vincent E. Gilmartin,* for respondent.

_____